BOLESLAUS E. NOWAKOWSKI, Appellee, *vs.* JOSEPH SOBE-
ZIAK, Appellant.

*Opinion filed December 22, 1915.*

1. DEEDS—*in Illinois a deed to take effect at the grantor's death may be valid.* In Illinois a deed may be made which contains a provision that it is not to take effect until the grantor's death, and if such deed is delivered in the grantor's lifetime it will be sustained as a present grant of a future estate, since the delivery changes the effect of the instrument, which might, but for delivery, be of a testamentary character.

2. SAME—*delivered deed cannot be revoked by making a new one.* Where a deed has been duly executed, delivered and recorded it passes beyond the grantor's control, and he is without power to destroy its effect by executing a new deed declaring the former one void.

3. EQUITY—*when bill need not allege possession or vacancy of premises.* Where a bill to set aside a deed charges that the deed was obtained through fraud a court of equity has jurisdiction on the ground of fraud and will retain it to do justice between the parties by removing the deed as a cloud on title, even though the bill does not allege that the complainant is in possession of the premises or that they are vacant and unoccupied.

APPEAL from the Circuit Court of Perry county; the Hon. GEORGE A. CROW, Judge, presiding.

B. W. POPE, for appellant.

A. R. DRY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed October 3, 1914, in the circuit court of Perry county, by appellee, Boleslaus E. Nowakowski, against Joseph Sobeziak, appellant, to set aside a deed by Andrew Pochocki to appellant of the premises here in dispute. Appellant filed a demurrer to this bill, which was overruled by the court and a decree entered granting the relief prayed. From that decree this appeal was taken.

The bill alleges that on November 26, 1909, Andrew Pochocki was the owner in fee simple of a certain de-

scribed eighty-acre farm in Perry county; that on said date Pochocki and his wife conveyed and quit-claimed, for an expressed consideration of $500, all their right, title and interest in and to said premises to Clement Joseph Belinski, subject to the following: "Furthermore, it is hereby agreed Andrew and Mary Pochocki shall be the owners of the premises stated in this deed until their deaths, after their deaths Clement Joseph Belinski and his wife, Jadwiga Belinski, shall come from Chicago, bury their bodies in DuBois cemetery; funeral expenses shall be $150 each. If in need in time of sickness or disability, Clement Joseph Belinski agrees to furnish a doctor, medicine and all expenses in time of sickness. After the deaths of Andrew and Mary Pochocki the above named land becomes the property of Clement Joseph Belinski, and the said Clement Joseph Belinski shall erect stones at the graves of said grantors." The bill shows that homestead rights were waived and that said deed was duly acknowledged and recorded. The bill further represents that on March 23, 1910, Belinski and wife by warranty deed conveyed said premises to appellee, subject to the same conditions as contained in the deed from Pochocki; that Mary Pochocki, wife of the grantor, died about July 16, 1914, and that Andrew Pochocki died a short time prior to the filing of said bill; that Belinski and appellee performed all the covenants and agreements contained in the said deed from Pochocki to Belinski excepting erecting a monument, which they stood ready to do as soon as possible; that during said Andrew Pochocki's last sickness appellant, Sobeziak, prevailed upon him, by persuasion and undue influence, to sign another deed to said premises on July 14, 1914, which, in addition to the regular averments, contained a provision that the grantee should take care of the grantor during his life and see to his proper burial, and also contained a statement that said deed to Belinski was repudiated and declared null and void. The bill further averred that Pochocki knew that the premises had

been deeded to appellee and had accepted Belinski's services in carrying out the terms of the deed. The bill prayed that the deed from Pochocki to Sobeziak be set aside as a cloud upon the title of appellee, and for such other and further relief as equity might require.

Counsel for appellant argues that the instrument from Pochocki to Belinski passed no present interest, and that while it was in the form of a deed it possessed all the incidents of a will; that the words "owners" and "property" used in the deed clearly showed that Pochocki intended to retain the ownership during his life. Counsel cites, to sustain his contention, only Devlin on Real Estate. That author supports the doctrine of the text only by authorities from other jurisdictions than Illinois. Under the decisions of this State a conveyance may be made not to take effect until the death of the grantor and will not be held to be in the nature of a testamentary devise. (*Shackelton* v. *Sebree*, 86 Ill. 616; *Harshbarger* v. *Carroll*, 163 id. 636.) Where a deed has been actually delivered to a grantee in the lifetime of the grantor, even though it contains a provision that it is not to take effect until the grantor's death, it will be sustained as a present grant of a future interest. (*Hathaway* v. *Cook*, 258 Ill. 92.) The delivery of a deed in the grantor's lifetime changes the effect of an instrument which might, but for the delivery, be of a testamentary character. (*Potter* v. *Barringer*, 236 Ill. 224.) Under the allegations of this bill, which appellant by his demurrer conceded to be true, the deed was rightly delivered and recorded, and therefore the conclusion must be reached that the grantor intended a present grant of a future interest. To hold otherwise would be equivalent to holding that the grantor intended that his act of executing and delivering the deed was a nullity. Such a conclusion the law does not favor and will not permit if it can be avoided without doing violence to established rules of law. (*Bowler* v. *Bowler*, 176 Ill. 541.) It is true that the deed from Po-

chocki to Belinski, throughout, shows a lack of careful wording, and the use of the words "owners" and "property" might not be considered apt words in view of the other terms in the deed, but, taking the whole instrument together, the intention is clearly shown that the grantor intended to reserve a life interest to himself and convey the remainder to the grantee. Very frequently words are not used in their technical and literal sense, and where other parts of the instrument indicate a different intention, such intention may be gathered from the whole instrument and the surrounding circumstances. (*Phillips* v. *Gannon,* 246 Ill. 98; *Bowler* v. *Bowler, supra.*) This deed having been executed, delivered and recorded, it was beyond the grantor's power and he had no control over it, and certainly could not destroy its effect by simply making another deed. *Potter* v. *Barringer, supra.*

Counsel for appellant further contends that the bill does not state that the complainant was in possession of the land or that the same was vacant and unoccupied, and that therefore a court of equity was without jurisdiction. (*McConnell* v. *Pierce,* 210 Ill. 627; *Glos* v. *Kemp,* 192 id. 72.) Where a bill alleges that a deed was secured illegally or by fraud it is not necessary for the complainant to allege and prove possession. This bill, in effect, charges that the deed from Pochocki to appellant was obtained through fraud, the record showing that it was signed and executed only two days before the grantor's death and while he was very sick. Equity, having jurisdiction on the ground of fraud, will retain it and do justice between the parties, even to removing a cloud on the title. *Ward* v. *Clendenning,* 245 Ill. 206; *Mitchell* v. *Shortt,* 113 id. 251; *Booth* v. *Wiley,* 102 id. 84; *Redmond* v. *Packenham,* 66 id. 434; *Kennedy* v. *Northup,* 15 id. 148.

The decree of the circuit court will be affirmed.

*Decree affirmed.*