## EDWARD ROBY

*v.*

## THE CITY OF CHICAGO.

1. TAXES AND TAX TITLES—*of the listing and assessment.* The purchaser at a tax sale, of a fraction of a lot, whether great or small, is entitled, on application to the proper officers, to have such fraction listed and assessed separately, in order that he may pay the taxes thereon.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

The opinion states the case.

Mr. EDWARD ROBY, *pro se.*

Mr. S. A. IRVIN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an application by the City of Chicago to the Superior Court, for judgment against certain lots for city taxes. The appellant filed exceptions as to certain lots, which were overruled by the court, and judgment was rendered against the lots.

The application was for judgment for the taxes of 1867, and the appellant offered to show that at the city tax sales for 1865 and 1866, certain persons under whom he claimed, had bought the whole of two lots and fractions of other lots, and that he had applied to the assessors and the tax commissioner to have such lots and fractions separately listed and assessed, in order that he might pay taxes upon them, and that these officers had refused such request. It is contended on behalf of the city, that inasmuch as the purchaser at a tax sale has only a lien, and does not become the owner, even supposing the sale to be in all respects legal, until the time of redemption has passed and he has obtained a deed, therefore he has no right to have the fractions of lots thus bought separately assessed.

We cannot concur in this view. It matters not how minute the fraction sold may be, though only the millionth part of the entire lot, as was the case here in regard to one lot, the city, by selling that fraction, has recognized it as a distinct and divisible portion of the whole lot, and has received the purchaser's money therefor, and it would be the most flagrant injustice to permit it, having done all this, to turn round the next year upon the purchaser, and refuse him the poor privilege of paying taxes on property itself has sold, when such payment is the mode designated by the law for perfecting his title. If the city sells to him a strip off the east side of a lot, and gives him a certificate therefor, which will entitle him to a deed at the end of two years, if he pays all the taxes assessed

thereon in the meantime, shall the city be permitted to deprive him of the benefit of its own sale, by saying that it does not choose to recognize him as the owner, and therefore he is not to be permitted to have the fraction separately assessed? Though not the owner, he has an interest which he is entitled to protect, and in order that he may protect it, he is entitled to have it, on his application, separately assessed. By refusing this, the city, having sold him, for example, a strip of the lot only an inch in width, compels him to pay the taxes on the entire lot, in order to save his minute fraction from being again sold. And if he pays on the entire lot, and the owner comes to redeem before the two years expire, what is to be the redemption? The purchaser would contend, with great equity, that he ought to be refunded all the taxes the city had obliged him to pay, and the owner, on the other hand, would insist that the law only required him to refund the taxes paid on the fraction sold. We think it just in itself, and better for all parties, that a person having purchased a fraction of a lot, whether great or small, should be permitted, on his application, to list it and pay the taxes on it. The evidence offered should have been received, and if the facts stated had been found, judgment should not have been rendered against these lots which, or fractions of which, the appellant had sought to list, and which he had been refused the right to list.

The objection as to indefiniteness of description of some of the lots, is not well taken. If void for uncertainty, the judgment can work the appellant no harm.

*Judgment reversed.*