JULIA N. JACKSON, Appellee, vs. JACOB GLOS et al.
Appellants.

*Opinion filed December 22, 1909—Rehearing denied Feb. 4, 1910.*

1. REGISTRATION OF TITLES—*an applicant must prove allegation that land is unoccupied.* An applicant for registration of title must prove the condition of the land as to possession, and if he alleges that the land is unoccupied he should prove that fact, as the allegation is not a negative one which requires no proof, nor is the application itself evidence of the fact.

2. TAX DEEDS—*a party seeking to set aside tax deed to vigintillionth of lot must reimburse holder.* A tax deed purporting to convey a vigintillionth of a lot is not, in a legal sense, a cloud upon title and may be disregarded by the owner of the legal title, but if the latter comes into court and asks to have the tax deed removed as a cloud upon her title it is error to decree such removal without reimbursement to the holder of the tax deed. (*Petty v. Beers,* 224 Ill. 129, explained.)

3. SAME—*purchaser of vigintillionth of lot is entitled to have it listed and assessed separately.* While a vigintillionth of a lot is too small to be capable of possession, yet if it is recognized by the public authorities as part of a lot a purchaser thereof at a tax sale is entitled to have it listed and assessed separately, and a mortgagee would be entitled, under the mortgagor's covenant to pay all taxes and remove all adverse claims, clouds or encumbrances, to redeem from such a sale or purchase the certificate without the mortgagor's consent.

APPEAL from the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

VICTOR M. HARDING, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Julia N. Jackson, the appellee, filed in the circuit court of Cook county her application for the registration of her title to a lot in Chicago. The estate claimed by her was a

fee simple, and she alleged that Jacob Glos, Emma J. Glos
and August A. Timke, the appellants, made claims to inter-
ests in the lot under certain tax deeds described in the ap-
plication.  She asked the court to find and declare her title
in the lot and decree the same and order the registrar of
titles to register the same.  The appellants appeared and
separately answered denying the title claimed by appellee,
and the application was referred to an examiner of titles,
with direction to examine into the title to the property and
report his conclusions thereon, together with the evidence
taken.  The examiner took the evidence of the parties and
reported that the appellee was the owner in fee simple of
the lot; that certain sales of the lot were made for delin-
quent taxes and special assessments, in pursuance of which
tax deeds were executed; that the appellant Jacob Glos
became the owner of the tax titles and had made certain
payments and disbursements for costs and expenses; that
the appellant Emma J. Glos had a certain interest under a
conveyance from said Jacob Glos, and that a trust deed
conveying the tax interests had been made to the appellant
August A. Timke.  Among the tax sales was one made on
August 17, 1892, of the east one-vigintillionth of the lot
for the taxes of 1891, and the examiner found that the tax
deed issued upon that sale ought to be set aside uncondi-
tionally, and the appellant Jacob Glos was not entitled to
reimbursement under the same.  He recommended reim-
bursement as to the other sales and the setting aside of all
the tax deeds as clouds upon the title of appellee and the
registration of such title as prayed for.  The chancellor
heard the exceptions of appellants to the examiner's report
and overruled the same, and entered a decree finding that
the appellants Jacob Glos and Emma J. Glos were entitled
to be reimbursed, according to their respective interests, as
to all the sales and tax deeds except the sale of August 17,
1892, but that Jacob Glos was not entitled to be reimbursed
for the amount paid on that sale, and that the same, and

the deed executed thereon, should be set aside unconditionally. By the decree the tax deeds and subsequent conveyances under the same were decreed to be null and void, and they were set aside as clouds upon the title of appellee upon condition that she should pay to the appellants Jacob Glos and Emma J. Glos the amounts found by the decree to be due under the tax deeds other than the one executed on the sale of August 17, 1892. From that decree this appeal was prosecuted.

Section 11 of the act concerning land titles provides that the application to register title shall set forth, among other things, whether the land is occupied or unoccupied, and the application in this case stated that the land was not occupied, but there was no proof of the fact. It was necessary for the appellee to prove title good against the world, and it was therefore essential to prove the condition of the lot as to possession. No examination of title can be regarded as complete without evidence that the premises. involved are unoccupied or that they are in the possession of the person claiming title or some one claiming under him, and the position of counsel for appellee that the averment of the application was negative and required no proof is incorrect. The application was not evidence of the fact, and appellants were entitled to object that the appellee had failed to establish title in herself and therefore could not have a decree removing their claims as mere clouds on her title. *Glos* v. *Kingman & Co.* 207 Ill. 26.

The court found that on August 17, 1892, the east one-vigintillionth of the lot was sold for the delinquent taxes of 1891 and that a tax deed was issued upon said sale to Jacob Glos, and this tax deed was set aside as a cloud upon the title of appellee without reimbursement to Jacob Glos. The uniform rule of courts of equity that one who asks their interposition to set aside a tax deed must do equity by reimbursing the holder of the tax title for the taxes which were a charge upon the land and which the com-

plainant ought to have paid has been enacted into statutory
law by section 224 of the Revenue act, which provides that
any judgment or decree of court setting aside any tax deed
procured under the act shall provide that the claimant shall
pay to the party holding such tax deed all taxes and legal
costs, together with all penalties provided by law, as it
shall appear the holder·of such deed, or his assignors, shall
have properly paid or be entitled to in procuring such deed,
before such claimant shall have the benefit of such judg-
ment or decree.

Counsel for appellee says that a tax deed purporting to
convey a vigintillionth of a lot does not constitute a cloud
upon the title, and that it was so decided in *Petty* v. *Beers,*
224 Ill. 129. Considered as a question of law such a deed
is not a cloud upon a title, but that does not determine the
question whether this decree was in accordance with the
rules of equity and the statute. In the case cited, Beers
filed a bill to compel Petty to perform a contract for an
exchange of land. Beers was to convey his land by a title
in fee simple free and clear of all clouds, liens or encum-
brances, and Petty refused to perform the contract on the
ground that there were two tax deeds of the east one-
vigintillionth of Beers' lot to Jacob Glos, which were al-
leged to constitute a cloud on the title. The chancellor
held that such a deed was not a cloud, and this court took
the same view and decided that the tax deed did not jus-
tify Petty in refusing to perform his contract. The appel-
lee might have disregarded the tax deed to so small a por-
tion of the lot, which was not susceptible of possession by
the holder of the tax deed, as not constituting a cloud upon
her title or interfering with the beneficial enjoyment of
the premises, but she did not do that. On the contrary,
she alleged the invalidity of the deed and asked to have it
removed, and she was required, as a condition of such re-
moval, to reimburse the holder of the tax title. The taxes
charged against the whole lot were paid·by the sale of the

infinitesimal fraction, and if the appellee desired the tax title removed out of her way, it would be as unjust and inequitable to refuse reimbursement as if the whole lot or a larger fraction had been sold. While the fraction was so small as to be incapable of a foothold or possession, the public authorities recognized it as a part of the lot and the purchaser would be entitled to have it listed and assessed separately. (*Roby* v. *City of Chicago*, 48 Ill. 130.) A mortgagee would be entitled, under a covenant of the mortgagor to pay all taxes and remove all adverse claims, clouds and encumbrances, to redeem from such a sale or purchase the certificate without the mortgagor's consent. (*Stinson* v. *Connecticut Mutual Life Ins. Co.* 174 Ill. 125.) The tax deed not being a cloud in a legal sense, the appellee might have stood on her legal rights, but when she appealed to the court to remove it as a cloud upon her title it was error to decree such removal without reimbursement.

The decree is reversed and the cause remanded.

*Reversed and remanded.*