LILLIAN STREBEL, Appellee, *vs.* LUCY M. GLOS *et al.* Appellants.

*Opinion filed December 22, 1915.*

1. REGISTRATION OF TITLE—*allegation that premises were vacant must be proved.* An allegation in an application for initial registration of title that the premises were vacant and unoccupied when the application was filed must be proved.

2. SAME—*what does not show that the premises were vacant.* Testimony given in January by a witness who states that he went out and measured the premises and they were vacant, but without stating when he visited the premises, does not show that the premises were vacant the previous September, when the application to register title was filed.

3. SAME—*holder of tax deed entitled to be reimbursed for taxes subsequently paid.* The assignee of a tax deed is entitled, in a proceeding by another to register title to the land, to reimbursement, not only for the amounts paid by her up to the time she received her tax deed, but also for taxes subsequently paid by her.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

271 — 5

IRWIN R. HAZEN, LEROY V. PENWELL, and EMERY S. WALKER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from the decree of the circuit court of Cook county for the initial registration of title to two lots in Cook county, and the errors insisted upon are that there was no evidence as to the occupancy of the premises, and that the amount allowed Lucy M. Glos as reimbursement of payments made by her is not sufficient.

The application alleged that the premises were vacant and unoccupied. This was an allegation which it was necessary for the applicant to prove. (*Jackson* v. *Glos,* 243 Ill. 280; *Brooke* v. *Glos,* id. 392.) There was no proof of the fact. The only evidence on the question was that of a witness who testified that he went out and measured the premises and they were vacant. This testimony was given January 19, 1915. The application was filed September 20, 1913. There was no evidence as to the time when the witness visited the premises, and therefore no evidence that they were vacant at the date of the filing of the application.

Lucy M. Glos was the assignee of a tax deed to the premises. The decree allowed reimbursement to her for the amounts paid by her up to the time she received her tax deed but not for taxes subsequently paid. The appellee insists that under section 224 of the Revenue act reimbursement was not required of the amounts paid subsequent to receiving the tax deed. That section provides "that any judgment or decree of court setting aside any tax deed procured under this act, shall provide that the claimant shall pay to the party holding such tax deed all taxes and legal costs together with all penalties as provided by law as it shall appear the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed before such claimant shall have the benefits of such judgment or decree." In *Gage* v. *Pirtle,* 124 Ill. 502, it was

said: This provision "really does no more than to enact what this court had decided should be paid as a condition of having a tax deed set aside." It has been uniformly held by courts of equity that one who seeks their interposition to set. aside a tax deed must do equity by reimbursing the holder for taxes which he has paid which were a charge upon the land. The taxes subsequent to the procuring of the tax deed were properly paid. They were a charge upon the land, their payment relieved the estate from their lien, and equity requires that the holder of the tax deed should be· reimbursed before her deed should be set aside.

The judgment of the circuit court is reversed and the cause remanded for another hearing, at which either party may introduce additional evidence.

*Reversed and remanded.*