WILLIAM P. HARTY, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed February 16, 1916—Rehearing denied April 7, 1916.*

1. REGISTRATION OF TITLE—*proof must show condition of the premises, as to occupancy, when application was filed.* In a proceeding for the initial registration of title the proof must show whether the premises were occupied or unoccupied at the time the application was filed, and it is not sufficient to show that several months after the application was filed the witness found the premises entirely vacant, no house or fence or anything in the way of improvements being on the premises.

2. SAME—*when proper foundation is not laid for admitting a continuation of abstract of title.* No proper foundation is laid for the admission in evidence in a land title registration proceeding of a continuation of an abstract of title signed by "Joseph F. Connery, recorder," where there is no evidence that the recorder had been authorized to make abstracts of title or that he was in the business of making abstracts of title for the general public for hire.

3. SAME—*what need not be paid by way of reimbursement.* In a proceeding to register title to a certain lot which by subdivision is part of another lot the east 1/76 of which has been sold for taxes, if the lot described in the application for registration does not include any part of the strip sold for taxes it is not necessary to reimburse the holder of the tax deed for his expenditures in reference thereto.

4. SAME—*assignee of the holder of a tax deed is entitled to reimbursement.* If any of the tax deeds referred to. in a quit-claim deed of an undivided one-third interest in certain lots cover any part of the lot described in an application to register title, the grantee in the quit-claim deed is entitled to reimbursement for the taxes which she has paid thereon; but the amounts claimed, and for what taxes, must be specifically shown.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

BOYLE & MOTT, and HENRY E. MASON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an application in the circuit court of Cook county, under the act concerning land titles, to register title to lot 18 in Harty's subdivision, in said county, in appellee, William P. Harty. The cause was referred to the examiner of titles, and his report recommending that the title be registered in appellee was approved by the court and decree entered accordingly. Appellants, claiming interests in said lot under various tax deeds, have taken an appeal from that decree.

Counsel for the appellants contend that the proof did not show whether the lot in question was unoccupied at the time the application was filed, May 8, 1914. The application stated "the land is not occupied by anyone." On a hearing before the examiner, James A. Miller testified that

he had measured off this lot in the last of September or first of October, 1914, to see where it lay upon the ground, and found it entirely vacant, no house or fence or anything in the way of improvements being on the premises. On cross-examination he stated that he had never seen the premises before or since said September or October, 1914. Under the statute the applicant must prove the condition of the lot as to occupancy at the time the application was filed. The application is not evidence of the fact. (*Jackson* v. *Glos,* 243 Ill. 280; *Brooke* v. *Glos,* 243 id. 392.) This requirement is not satisfied by proof of occupancy several months before or after the filing of the application. In *Glos* v. *Miller,* 213 Ill. 22, evidence that the lots were vacant and unoccupied about two years before the filing of the bill was held insufficient. In *Johnson* v. *Huling,* 127 Ill. 14, the bill was filed September 10, 1887, and the proof related to the occupancy May 8, 1888. The court there said that did not prove the premises "were vacant and unoccupied at the time of filing the bill. For aught that appears in the proof the premises may have then been in the possession of the defendant." In *Glos* v. *O'Toole,* 173 Ill. 366, the complainant testified at the hearing, eight months after the bill was filed, that he was in possession of the property, and the court held that this did not tend to prove the material and necessary allegation that he was in possession at the bringing of the action. In *Glos* v. *Perkins,* 188 Ill. 467, it was decided that the rule that the law will presume the continuance of a state of things once established by proof does not apply in cases of this sort; that proof that the premises were vacant and unoccupied three years prior to the filing of the bill did not establish a presumption that this state continued until the filing of the bill. There is no satisfactory proof in this record that the premises in question were vacant and unoccupied on the date the application was filed.

Appellee, William Harty, offered in evidence before the examiner, as a part of the abstract of the premises, a con-

tinuation of abstract signed by Joseph F. Connery, recorder, purporting to state the matters of record concerning the title from January 30, 1914, to May 12, 1914. John G. Norris, called as a witness for the appellee, testified that he was an abstract maker in the employ of the county recorder, and that he compiled the information required for said continuation and gave the minutes to the stenographer to write up; that said continuation was signed in the ordinary course of business by the person who usually signed abstracts for Joseph F. Connery, recorder. This was all the evidence concerning this continuation, so far as it bore on the point here in question. It is argued by appellants that there is no evidence in the record to show that the recorder of Cook county was engaged or authorized to engage in the business of making abstracts of title for hire, as required by section 18 of the act here in question. That section reads, in part, as follows: "It shall be sufficient proof that any original abstract of title was made or issued in the ordinary course of business by makers of abstracts, to show that the signature attached to the abstract is the genuine signature of the person, firm or corporation purporting to make or issue the same, appended either in person or by the hand of any person or official accustomed to attach such signature in the ordinary course of business, and that such maker was known or generally reputed to have been in the business of making abstracts of title for hire, at the date shown upon the abstract, or the actual date of the issuance thereof." The testimony shows that the signature attached to this continuation is the genuine signature of the person purporting to issue the abstract, appended by the hand of the person or official accustomed to attach such signature in the ordinary course of business. The law allows county recorders, under certain conditions, to make abstracts. There was no evidence that the recorder of deeds who signed this continuation had been authorized to make abstracts of title or that he was in the business of making abstracts for the general

public for hire. In this state of the record, as we understand it, under the decisions of the court, (*Amundson* v. *Glos,* 271 Ill. 209, *Harts* v. *Glos,* id. 376, and *Walther* v. *Glos,* 270 id. 390,) no proper foundation was laid for admitting this continuation in evidence.

Counsel for appellants further contend that the court erred in failing to allow them reimbursement for various amounts claimed to have been advanced for taxes. Some of these items are based upon a tax deed for the east 1/76 part of lot 9 of block 6 in South Kenwood, issued in 1895 upon a sale made in 1892. By an examination of the plats and records herein it appears that lot 18 in Harty's subdivision is a part of said lot 9 of block 6 in South Kenwood but is not included in the east 1/76 of said lot 9. It was not necessary to set aside this tax deed in order to clear title to appellee's lot. Appellants are therefore not entitled to any reimbursements for payments made on account of said deed.

Appellants further object that the court erred in failing to allow reimbursement for amounts advanced for taxes by them as to certain portions of block 6 in Stave & Klem's subdivision. So far as we can find from the record and briefs in this case, nothing is shown to connect block 6 of Stave & Klem's subdivision with the premises described in this application, or, indeed, with any of the subdivision of which appellee's lot is a part. The certificate of South Kenwood sets forth that said subdivision includes block 3 of Stave & Klem's subdivision but does not mention block 6. Lot 18 of Harty's subdivision here in question, as has been heretofore stated, is a re-subdivision of lot 9 in block 6 of South Kenwood, and is not any part of Stave & Klem's subdivision, so far as we can determine from this record. On the proof here there appears no reason why appellants should be reimbursed for payments made on land which is in no way connected with said lot 18.

Counsel also claim reimbursement for Emma J. Glos, under a quit-claim deed from Jacob Glos of an undivided third of certain lots, for certain taxes advanced by her. The record, briefs and abstracts on this question are not at all clear as to whether this quit-claim deed covered any part of said lot 18, or whether Jacob Glos or Emma J. Glos had advanced money which should be reimbursed to them in a proceeding of this kind. If the said tax deeds to Jacob Glos referred to in said quit-claim deed covered any part of said lot 18, then Emma J. Glos became an assignee of one-third of his interest in said lots. Her title could not be set aside as a cloud upon appellee's title without re-payment of the taxes which she has paid. (*Stallings* v. *Glos,* 271 Ill. 201.) Inasmuch as this decree must be reversed and the cause remanded, when the case is taken up again for trial, if the proof shows, under the rules laid down by this court, that Emma J. Glos should be reimbursed for taxes she paid on any part of this lot, the trial court should so find. In determining for what amounts, if any, said Emma J. Glos should be reimbursed, the various items, to be entitled to consideration, must be specifically and definitely set out in accordance with the rules laid down in *Walther* v. *Glos, supra.* The claim should not be stated in vague and general language but the various amounts claimed should be stated concisely and it should appear for what taxes and under what right they are claimed, and thus give "the court a chance to pass understandingly on those same items." *Walther* v. *Glos, supra.*

The decree of the circuit court will be reversed and the cause remanded for further proceedings in accordance with the views herein stated.

*Decree reversed and cause remanded.*