## Edwards Whitaker and the St. Louis Union Trust Company, Appellees, v. Letcher Irons, Impleaded with Wabash, Chester & Western Railroad Company, Appellant.

1. TAXATION, § 635*—*who may void tax title to mortgaged premises.* A mortgagee has the same right to void a tax title to the mortgaged premises as the owner of the premises.

2. TAXATION, § 637*—*what constitutes sufficient attack upon validity of title of purchaser at tax sale to warrant decree of foreclosure.* Where the purchaser at a tax sale was made a party to a suit to foreclose a mortgage upon the premises as claiming some interest but alleging same to be not a real interest therein, to which suit the purchaser filed answer setting up title to the premises under such sale, and issue was joined thereon and testimony taken as to the regularity of the sale, and propriety of the levy and assessment, *held* that the attack was sufficient upon the validity of the purchaser's title to sustain a decree of foreclosure relieving the premises from the claim or interest of the purchaser.

3. APPEAL AND ERROR, § 1184*—*when court will not look to ascertain if forms of pleading were duly observed in reaching conclusion.* Where a question at issue is fairly presented by the pleadings and evidence and a decree obtained upon such question, it is sufficient to determine the rights of the parties as to the matters in controversy and settled by such decree, and the court will not look to ascertain if the forms of pleading were duly observed in reaching a conclusion.

4. TAXATION, § 642*—*what are prerequisites to rendition of judgment setting aside tax certificate.* Before any judgment or decree can be rendered setting aside a tax certificate, the party' seeking such relief must pay all taxes and legal costs, even though there be irregularities in the levying and collecting of the taxes.

Appeal from the Circuit Court of Randolph county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

WILLIAM T. PACE and G. GALE GILBERT, for appellant.

H. C. HORNER, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

This is a bill in chancery to foreclose two trust deeds executed by the Wabash, Chester & Western Railroad Company on all and singular the entire railroad of this company in the State of Illinois, following with a particular description as to the terminals of said road, and including also all the appurtenances, franchises and privileges owned by the said railroad. One of said trust deeds was executed to the predecessor of Edwards Whitaker in trust and made to secure the payment of a bonded indebtedness of $300,000; the other was made to the appellee St. Louis Union Trust Company and was made to secure bonds to the amount of $390,000. The railroad passed through the county of Jefferson in the State of Illinois, and such part of it as lay within the county of Jefferson was sold for taxes on June 10, 1914, and purchased by the appellant Letcher Irons for the amount of $2,907.02, for which a certificate of purchase was issued and delivered to the appellant Irons. On July 14, 1914, the appellees filed in the Circuit Court of Randolph county a bill to foreclose said mortgages because of the nonpayment of interest upon the bonded indebtedness as was provided in said trust deeds should be done in case of failure to pay the interest. The appellant was made a party defendant to this proceeding and the following allegation made with reference to his rights: "Complainants further represent that one Letcher Irons claims some interest in said railroad property, or some part thereof, the nature of which claim is to complainants unknown, but which interest is not real." To this bill the appellant Irons filed an answer in which he set forth the tax sale above referred to, his purchase of the property in Jefferson county at such tax sale, and the issuing of such certificate of purchase thereon, for which he paid the said amount of $2,-907.02, and averring that he had an interest in said

property for the amount of the taxes so paid by him. To this answer the appellees filed a replication and the cause was referred to the master and testimony taken by the appellant and appellees; the appellant introducing evidence tending to show that the property sold for taxes in a regular manner and under proper proceedings, and the appellees introduced evidence tending to show that a small portion of the taxes included in said sale were not levied as required by law, and that the sale was made without any precept or authority of law to make the same. A decree of court was rendered finding: "That said sale of said railroad property for taxes was absolutely null and void, and defendant Irons obtained no interest or right of any kind in said railroad property by attempting to purchase at said void sale; and the court further finds that it is not equitable that the defendant Letcher Irons be reimbursed in this suit the amount of legal taxes paid by the purchase money that he expended at said void sale, and it is therefore ordered and adjudged that complainants have judgment against said Letcher Irons for the complainants' costs in this suit arising from the answer and defense of said Irons, to be taxed by the clerk of this court." The appellant excepts to this finding and decretal order of the court and seeks to reverse such order by this appeal.

The appellees by this proceeding are seeking a foreclosure of the mortgages mentioned, and made the appellant Irons a party for the purpose of barring him from any claim or right in and to said property. The answer discloses his rights and interest in the property, to which a replication was filed by the appellees and the rights and interest of appellant Irons was disputed.

It is contended by counsel for appellant that his rights in and to this property are protected in equity and by section 224 of the Revenue Act (J. & A. ¶ 9443), and that the appellees could not proceed to set aside

his interest without paying or refunding to appellant all taxes and costs made by him, which was not done or attempted to be done. The appellees insist that they had asked no relief as to the appellant Irons and were not seeking to set aside his tax deed and were not bound to refund the taxes advanced by him; and it is insisted that the statute invoked can have no application to the facts as the suit was a proceeding to foreclose a trust deed and in no manner sought to set aside the tax deed, and cites in support of this contention the case of *City of Chicago v. Pick,* 251 Ill. 594.

We have examined the pleadings and believe that the effect of making Irons a party and of joining issue with him upon his answer, in which he set forth his rights and interests, and the taking of testimony with reference to the regularity and irregularity of the sale, the failure to properly levy the tax, the including of taxes in the sale that were not properly assessed, all tended, in our opinion, to attack the validity of Irons' claim to this property and to obtain for appellees a decree of foreclosure relieving the property of any claim or interest that Irons might have therein. The decree rendered included this feature of the pleadings and evidence, and the court found that he had no interest and that his claim was null and void. The mortgagee had the same rights to void the tax title and deprive appellant of his rights in such property as the owner had. *Miller v. Cook,* 135 Ill. 190.

We do not believe that the case referred to of the *City of Chicago v. Pick, supra,* is in point in this case for the reason that this was a proceeding to condemn property, and the tax title was at no time involved except so far as it concerned the distribution between the defendants to that proceeding, and was not instituted by the owner of the land, and the court in rendering the opinion says, concerning the difference between that case and those arising under section 224

of the Revenue Law, that: "The rule applied in that class of cases does not, in our opinion, extend to cases like the one at bar for the reason that the condemnation proceeding was not instituted by the owner of the land but was commenced against him without his consent, for the purpose of condemning his land for a public use. The holder of an invalid tax title is only entitled to reimbursement when his tax title is attacked and set aside in a proceeding brought for that purpose by the owner of the land," and authorities there cited. It appears to us that if the question at issue is fairly presented by the pleadings and evidence and a decree obtained upon the point at issue, that this would be sufficient to determine the rights of the parties as to the matters in controversy and settled by such decree, and the court would not look to ascertain if the forms of pleading were duly observed in reaching a conclusion. The Supreme Court said, in the case of *Gage v. Consumers' Electric Light Co.*, 194 Ill. 39, that: "All that is required in respect of adverse claimants or their titles is that such claimant shall be named in the petition and made defendant. Nothing more is required to give the court jurisdiction, under the statute, to investigate all claims of title to the premises, and by its decree establish and confirm the title in the person in whom it is found to be vested, and to make all such orders, judgments and decrees as shall be necessary to that end." It is true this decision was rendered under the Burnt Records Act, but we can see no reason why the principles invoked there should not be applied to the case at bar, as the effect of this decree is to deprive appellant of his rights in and to the property in question. It seems to us clear from the decisions of our court and the statute invoked that before any judgment or decree can be rendered setting aside a tax certificate that the party seeking this relief must pay all taxes and legal costs even though there be irregularities in the levying and collecting of

the tax. *Union Trust Co. v. Weber,* 96 Ill. 346; *Cotes v. Rohrbeck,* 139 Ill. 532. The doctrine requiring a party to pay all taxes and legal costs before such claimant shall have the benefit of a decree or judgment setting aside any tax deed is well settled both by the statute and repeated decisions of our court, made prior to as well as since the enactment of said statute. *Cotes v. Rohrbeck,* 139 Ill. 532; *Ward v. Clendenning,* 245 Ill. 206; *Strebel v. Glos,* 271 Ill. 65. The courts have acted upon the principle that the property should be required to pay its just proportion of the tax levied, and when a tax has been levied, sale made and the tax paid, that before any one having an interest in the property could set aside the rights acquired under such a levy they should reimburse the purchaser the tax paid, and we can see no reason why this doctrine does not apply as well to a tax certificate as to tax deeds.

We are of the opinion that the Circuit Court erred in not requiring the appellees to pay to appellant his taxes and legal costs before granting them a decree herein, and in rendering judgment against appellant for costs.

For the reasons above set forth, the decree of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*