(No. 11301.—Reversed and remanded.)

FRED W. BRUMMEL *et al.* Appellees, *vs.* JACOB GLOS *et al.*— (EMMA J. GLOS *et al.* Appellants.)

*Opinion filed April 19, 1917—Rehearing denied June 8, 1917.*

1. REGISTRATION OF TITLE—*party introducing abstract of title in evidence must prove maker was reputed to be an abstracter at time abstract was made.* Section 18 of the act concerning land titles requires that the party introducing an abstract of title in evidence before the examiner must prove that the signature "is" genuine and that the maker "was" reputed to have been engaged in the abstract business at the date shown on the abstract, and evidence in regard to such reputation at the time of hearing is not competent.

2. SAME—*genuineness of original abstract must be established before copy can be introduced.* Section 18 of the act concerning land titles makes the statement of the maker of the copy of an abstract of title *prima facie* evidence of the correctness of the copy, only, and does not make it proof of the genuineness of the original abstract or of the business of the maker at time the abstract was made, and it is essential, before the copy can be introduced in evidence, to establish the existence and genuineness of the original.

3. SAME—*what sufficient evidence that premises were occupied when application was filed.* In a proceeding to register title, testimony of a surveyor that he surveyed the property a few weeks before the application was filed and found it occupied with several sheds, a fence and a one-story building, and of another witness that he examined the premises a few weeks after the application was filed, knew who resided on the adjoining lot and that such resident occupied some of the sheds on the premises in question, is sufficient to show that the premises were occupied by such person at the time the application, which alleged occupancy by such person as a tenant at will, was filed.

FARMER and CARTER, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

MORTON T. CULVER, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county made a decree for the registration of the title in fee simple to certain real estate in Cook county in Fred W. Brummel and Mary Rose Brummel. Emma J. Glos and August A. Timke, trustee, who were made defendants to the application, have appealed from the decree, and contend that the court erred in admitting in evidence a copy of an abstract of title.

The objections made to the copy are, that there is no proof that the original abstract was signed by the firm or corporation purporting to make it, or that the maker was known or generally reputed to have been in the business of making abstracts of title for hire at the date of the abstract.

Section 18 of the act concerning land titles authorizes the examiner to receive in evidence any abstract of title, or certified copy thereof, issued in the ordinary course of business by makers of abstracts, and provides that "it shall be sufficient proof that any original abstract of title was made

or issued in the ordinary course of business by makers of abstracts, to show that the signature attached to the abstract is the genuine signature of the person, firm or corporation purporting to make or issue the same, appended either in person or by the hand of any person or official accustomed to attach such signature in the ordinary course of business, and that such maker was known or generally reputed to have been in the business of making abstracts of title for hire, at the date shown upon the abstract, or the actual date of the issuance thereof." In regard to certified copies it is provided that they "may also be proven in the manner aforesaid; and the certificate or signed statement of the maker of such copy of any purported original abstract, or of any copy, therein contained and a part thereof, that the same is a true copy of the original abstracts or · examinations of title or copies thereof purporting to be included therein, shall be sufficient evidence *prima facie* of the correctness of such copies; and said copies, when so proven and certified as aforesaid, shall be admissible in evidence, and shall have the same force and· effect as evidence as the original abstracts or examinations of title."

In order to make any original abstract admissible in evidence under the above section it must be shown that it bears the genuine signature of the maker, and that such maker was known or generally reputed to have been in the business of making abstracts of title for hire at the date shown on the abstract. A certified copy may be proved in the same way, except that, of course, it is not required to show that the signature of the maker attached to the copy, being a copy, is the genuine signature of the maker. The abstract which was introduced in evidence consisted of thirteen printed pages, and purported to be a certified copy of nine previous examinations of title by different abstracters, made at various dates from August 31, 1869, to June 6, 1888. The signatures, as well as all the rest of the document, were printed, the only written words on the instru-

ment being the signature at the end of the instrument, under the words, "the foregoing thirteen pages, this included, is a true copy of the original examinations of title." No attempt was made to show that some of the various firms or corporations whose names are attached to the different examinations of title were at the time of making the abstracts known or generally reputed to have been in the business of making abstracts of title for hire, and no attempt was made to show the authenticity of the original examinations. Testimony was introduced before the examiner, and received over appellants' objection, to the effect that the firms or corporations whose names were attached to the copies of the examinations of title were, at the time the testimony was given, reputed to have been engaged in the making of abstracts of title to real estate in Cook county for hire at the dates of the respective examinations. If the document had been offered as an original abstract it was subject to the objection that it was not shown to bear the genuine signature of the maker. It was also subject to the objection that it was not shown that the maker was known or generally reputed to have been, at the time the examinations were made, in the business of making abstracts of title for hire.

It is argued on behalf of the appellees that the word "was," in the expression "was known or generally reputed to have been in the business of making abstracts of title for hire, at the date shown upon the abstract," can as well refer to the time of the hearing of the case as to the date of the certificate, and that the former is undoubtedly the time intended by the legislature, and it is said, had the word "was" been written "is" there could be no doubt as to just what was meant. The word used, however, is "was," and apparently that word was intentionally used. The section, in setting out what shall be sufficient proof, states that it shall be sufficient to show "that the signature attached to the abstract is the genuine signature" of the maker, and

"that such maker was known or generally reputed to have been in the business of making abstracts of title for hire, at the date shown upon the abstract." The change in the tense of the verb must have been intentional, and indicates the intention to require proof of the genuineness of the signature at the time of the hearing and of the knowledge or reputation of the business of the maker at the time of the making of the abstract. The evidence offered and received in regard to such reputation at the time of the hearing was not competent.

A further objection to the copy of the abstract is that there is no proof of its authenticity—the genuineness of its origin. While the statute authorizes the introduction of certified copies of abstracts of title, it requires them to be proved in the same manner as an original abstract. It is essential, as in every case in which a copy of a document may be introduced in evidence, to establish the existence and execution of the original. Section 18 makes the statement of the maker of the copy *prima facie* evidence of the correctness of the copy, only, and does not make it proof of the genuineness of the abstract or the business of the maker. It provides that copies, when proved and certified in the same manner as original abstracts, shall be admissible in evidence with the same force and effect as the originals, but does not do away with the proof required as to the existence or the genuineness of the originals. The copy of the abstract was improperly received in evidence.

The original application was filed on April 2, 1915, and alleged that the premises were vacant and unoccupied. An amended application was filed on September 28, 1915, alleging that the premises were occupied by Theodore F. Linde as a tenant at will of the applicants, and his assent to the registration was indorsed upon the amended application. It is insisted that the evidence does not show that the premises were occupied, as alleged in the amended application. It was shown by B. H. Suhr, a surveyor, that

he surveyed the property on August 17, 1915, at which time the lots were occupied with several sheds and a fence in front and that there was a one-story building on the west side. Edwin G. Rellihen testified that he had examined the premises and knew who occupied the adjoining lot, and that Theodore F. Linde resided on the property adjoining those lots on the east, on or about October 16, 1915; that he occupied the shed and chicken house (the property in question) on the two lots in question; that he lived on lot 3 and had continued some of the sheds on lot 3, from which we infer that the sheds on lot 3 were continued on lots 4 and 5, the premises in controversy. We think this evidence was sufficient to justify the conclusion that Theodore F. Linde was in the occupancy of the premises on September 28, 1915.

The decree is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE CARTER, dissenting: I think the evidence, under the statute and the decision of this court in *Chicago and Alton Railroad Co.* v. *Keegan,* 152 Ill. 413, was sufficient to justify the admission of the abstracts.

Mr. JUSTICE FARMER, also dissenting.

---

(No. 11184.—Reversed and remanded.)
STEFAN ZAKRZEWSKI *et al.* Appellants, *vs.* WILLIAM FISHER *et al.* Appellees.

*Opinion filed April 19, 1917—Rehearing denied June 7, 1917.*