(No. 11537.—Reversed and remanded.)

FRED W. BRUMMEL *et al.* Appellees, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed October 23, 1917.*

1. REGISTRATION OF TITLE—*when rule as to admission of ancient documents cannot be relied on to prove abstract of title.* The rule of evidence as to admission of ancient documents cannot be relied on to prove an abstract of title where the abstract itself is not offered in evidence but only a certified copy thereof; nor can it be relied on to meet the statute requiring proof that the maker of an abstract of title was known or generally reputed to have been in the business of making abstracts for hire at the time of making the abstract, as such rule has only the effect of making the abstract admissible without proof of signature.

2. Other questions in this case are controlled by the decision in *Brummel* v. *Glos,* 278 Ill. 552.

CARTER, C. J., and FARMER, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

MORTON T. CULVER, for appellees.

MACLAY HOYNE, State's Attorney, and WILLIAM T. DUVAL, (ENOCH J. PRICE, CHARLES T. FARSON, GEORGE E. Q. JOHNSON, and ADOLPH D. WEINER, of counsel,) for intervening parties.

Per CURIAM : Fred W. Brummel and Mary Rose Brummel, appellees, filed their application in the circuit court of Cook county for the registration of title in them in fee simple to certain real estate in that county. Jacob Glos, Emma J. Glos and August A. Timke, trustee, were made defendants, and have appealed from the decree ordering the registration of title in appellees as applied for.

The sole questions raised are those determined in *Brummel* v. *Glos,* 278 Ill. 552. The holding in that case is conclusive of the questions raised here. The only additional reason urged for affirming the judgment in this case which was not presented in the case of *Brummel* v. *Glos, supra,* is that the abstract of title objected to was admissible, under the authorities, as an ancient document. This doctrine could not have been invoked in this case, as the abstract of title which it is claimed is an ancient document was not offered in evidence but only a certified copy thereof was offered and admitted. Assuming that the rule with reference to the admission of ancient documents in evidence applies, it would have the effect only of making the abstract admissible in evidence without proof of the signature, and would not meet the provision of the statute requiring proof that the maker was known or generally reputed to have been in the business of making abstracts for hire at the time of the making of the abstract.

For the reasons given in *Brummel* v. *Glos, supra,* the decree is reversed and the cause is remanded.

*Reversed and remanded.*

CARTER, C. J., and FARMER, J., dissenting:

We do not concur in the foregoing opinion. We agree that if the reasoning in *Brummel* v. *Glos,* 278 Ill. 552, cited above as an authority, is followed, the conclusion in this case is correct. We dissented in that case. Abstracts such as these opinions hold cannot be received in evidence we think were clearly intended to be admitted under the statute here being construed. Such abstracts are being accepted as sufficient on which to base opinions as to titles of real estate by every practicing lawyer of experience in this State. Ordinarily any well considered opinion of this court should be followed in later decisions, but when the question involved has been decided wrong and is purely one of procedure, as here, and has no bearing on vested rights, a court

should not hesitate to overrule such wrong decision. As we think the conclusion in *Brummel* v. *Glos, supra,* is clearly wrong it should be overruled.