---

(No. 12800.—Reversed and remanded.)
VINNEY LEMONT SCHMIDT, Appellee, *vs*. JACOB GLOS, Appellant.

*Opinion filed October 27, 1919.*

1. REGISTRATION OF TITLE—*when purported copies of abstracts of title should not be admitted in evidence.* Where purported copies of abstracts of title are offered in evidence in a proceeding to register title the copies must contain a certificate or signed statement of the maker that they are true copies of the originals, and the mere words "a true copy," above the signature of the maker of the copies, is not such a certificate or statement as will satisfy the statute and render the copies admissible.

2. SAME—*applicant must prove premises were vacant when application was filed.* In a proceeding to register title the allegation that the land is vacant is material, and the applicant is required to prove that the premises were vacant when the application was filed.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellant.

S. C. IRVING, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county made a decree for the registration of the title in fee simple to certain real estate in Vinney LeMont Schmidt and set aside a tax deed to Jacob Glos, who has appealed.

The applicant offered in evidence copies of abstracts of title, which were received over the appellant's objection. The copies purported to be examinations of title made at various dates, bearing the signature "Haddock, Vallette & Rickcörds." This signature was not the genuine or original signature of that firm but was typewritten, and at the end of the instrument appeared these words: "A true copy.—Real Estate Title and Trust Company, by Edward E. Shaw, Second V.-Prest." The dates of the examinations were February 20, 1890; April 11, 1890; April 19, 1890; March 22, 1892. The only proof offered in connection with the abstracts was evidence of the genuineness of the signatures of the Real Estate Title and Trust Company that it was engaged in the business of making abstracts for hire in Cook county, and that Haddock, Vallette & Rickcords were reputed to be in the business of making abstracts for hire on the various dates named in the examinations of title. The only date appearing on the abstracts was that of the original examinations. There was no evidence that the Real Estate Title and Trust Company was engaged in the business of making abstracts at any of those dates. Section 18 of the Torrens law authorizes the examiner to receive in evidence any abstract of title, or a certified copy thereof, issued in the ordinary course of business by makers of abstracts, and provides that it shall be sufficient proof that any original abstract of title was made or issued in the ordinary course of business by makers of abstracts to show that the signature attached to the abstract is the genuine signature of the person, firm or corporation purporting to make or issue the same, and that such maker

289 — 37

was known or generally reputed to have been in the business of making abstracts of title for hire at the date shown upon the abstract or the actual date of the issuance thereof. In regard to certified copies it is provided that the certificate or signed statement of the maker of such copy of any purported original abstract that the same is a true copy of the original abstract or examination of title shall be sufficient evidence *prima facie* of the correctness of such copy. These copies contain no certificate or signed statement of the maker that they are true copies of original abstracts or examinations of title. The words "a true copy" are not equivalent to such certificate or statement. Furthermore, no evidence was offered to establish the existence and execution of the original examinations of title. (*Brummel* v. *Glos, 278* Ill. 552.) It was error to admit these copies in evidence.

The application stated that the land was vacant. It was filed on May 10, 1917. The only evidence on the question of the occupancy of the property is that of the surveyor who visited the premises on December 23, 1918, and this had no tendency to prove that they were vacant on the day the application was filed. Under the statute the allegation that the land is vacant is material and the applicant is required to prove it. *Harty* v. *Glos, 272* Ill. 395.

The appellant bought the land at a sale for taxes on September 12, 1913, for $10.19, paying subsequent taxes on September 16, 1914, $11.55, and on July 21, 1915, $10.99; for recording the certificate of sale 80 cents; for the issuance of the tax deed 80 cents, and recording 75 cents. These items, with interest, amount to more than $40, and yet the decree only required the appellee to pay the appellant $28.93 as the condition for setting aside the tax deed. This also was error.

The decree will be reversed and the cause remanded for a new hearing.            *Reversed and remanded.*