[ Filed May 23, 1890. ]

## FANNIE C. BEEBE, RESPONDENT, *v.* SIMON L. McKENZIE, APPELLANT.

WILL OR DEED—INTENTION TO CONTROL.—In construing an instrument to determine whether it is a will or deed, the intention is to control as collected from the whole instrument.

WHEN A DEED AND NOT A WILL.—Where an instrument conveys a present title to the grantee, and the grantor reserves out of the estate conveyed the right to the use and possession during his life, the instrument is a deed and not a will.

SUCH A DEED NOT AN ESTATE TO COMMENCE IN FUTURO.—Such an instrument does not create an estate in freehold to commence *in futuro,* and is not within the technical rule of the common law applied in such cases.

APPEAL from Union county: J. A. FEE, judge.

This is an action of ejectment, brought by the plaintiff against the defendant to recover the land described in the complaint.   Both parties deraign title to the land from one Thos. McKenzie, deceased,—the plaintiff by deed, and the defendant as an heir at law.   The cause was tried without the intervention of a jury, and judgment went for the plaintiff, from which this appeal is brought.   At the trial, the plaintiff in support of her claim, offered in

evidence the following instrument in writing: "This indenture witnesseth: That Thomas McKenzie, for the consideration of the sum of one dollar to him paid, has bargained, sold and quit-claimed, and by these presents does bargain, sell and quit-claim unto Fannie C. McKenzie the undivided one-half of the following described property, to wit:   *   *   *   The foregoing sale and conveyance is understood and agreed to be completed and done at the death of the said Thomas McKenzie, and that the possession and right of possession to and in the foregoing premises remains and rests, until his death, in the said Thomas McKenzie in consideration of the marital will and assistance extended by the said Fannie C. McKenzie; retains to himself only the life proprietorship and ownership of the foregoing property, and conveys to her all other rights which the said Thomas McKenzie may have therein.   Said Thomas McKenzie shall not sell nor attempt —— the said premises, but shall occupy the same during his life-time.   To have and to hold the said premises with their appurtenances unto the said Fannie C. McKenzie, heirs and assigns forever.   In witness whereof, etc.

"THOMAS MCKENZIE.   [SEAL.]

"Done in presence of
   "JOHN MCDONALD.
   "A. MEACHAM."

Then follows the acknowledgment, etc.   To the introduction of which the defendant objected, which the trial court overruling, the said instrument was admitted as evidence, and the ruling of the court in admitting the same is the error assigned on this appeal.

*T. H. Crawford*, for Respondent.

*Shelton & Carroll*, for Appellant.

LORD, J., delivered the opinion of the court.

The only question presented by this record is as to the validity of the above instrument as a deed, the defendant contending that although in form a deed, it is a will, but if

not a will, that it is a deed that attempts to create an estate to commence *in futuro*, and is therefore void. To determine the nature of an instrument, the intention of the maker to be collected from the whole instrument, subject to the rules of law, is the pole star by which to be guided. The fact that it is in form and phraseology a deed signifies nothing; if it is plain from the language used and what is appointed to be done after the maker's death that it is testamentary in its nature, it is a will. But if it is plain that it was the intention of the grantor to convey a present estate, though the possession may be postponed until after his death, it is a deed and not a will. The estate would stand created, but the possession or enjoyment of it postponed. The evidence of this intention as afforded by the instrument is, that it is in the form of a deed of conveyance. It was made in consideration of "marital will and assistance extended," and was executed with the usual formalities prescribed by law. The grantor acknowledged before the proper officer that "he executed the same freely for the uses and purposes therein named," and used words, namely, "has bargained, sold and quit-claimed, and by these presents does bargain, sell and quit-claim," that are specially appropriate in a deed, and not in a will. In the instrument itself it is referred to as a "conveyance," and the grantor delivers it as such to the grantee, who has it recorded as a deed. While this is not denied, it is urged from other language used in the instrument that the grantor never intended to convey to the grantee any present interest or estate in the land, but only an estate limited to take effect after his death, or to commence *in futuro*. The clause is not clear and its language is much involved, but it seems to us the intention is to convey the fee *in praesenti* to the grantee, the grantor reserving out of it the possession or enjoyment during his life. According to its terms it is "the possession and right of possession" that "remains and rests" in the grantor, of which he "only retains to himself the life proprietorship" in consideration of "marital will and assistance extended" by his

wife.   The intention is to convey presently the freehold or
fee to the grantee, subject to the grantor's possession and
use during his life.   It is to take effect or took effect in
interest upon the execution of the instrument, though the
right of possession was postponed until after the death of
the grantor.   If this construction be correct, the intention
of the grantor was to convey the land at the time the deed
was executed and delivered, and to reserve to himself out
of the estate conveyed the use and possession during his
life.   Looking at the whole instrument, it evinces a favor-
able intention to the grantee, nor does it contain any
revokable words, or other language which indicates that
it is testamentary in its nature.   The language is "does .
bargain, sell and quit-claim," and the grantee is "to have
and to hold the said premises," etc., "heirs and assigns
forever."   From all this it is clear that the instrument is
not a will, but a deed, and conveyed a present title to the
grantee, out of which the grantor reserved to himself the
use and enjoyment of an interest during his life.   As such,
it was not a deed to commence *in futuro,* or to take effect
at the death of the grantor, and, therefore, renders it
unnecessary for us to consider whether, under our statutes
and the policy of our laws, the technical rule of the common
law in respect to creating estates to commence *in futuro*
prevails.

There is no error and the judgment must be affirmed.