## GUTHRIE, administrator, *v.* GUTHRIE.

1. Applying the test laid down in *White* v. *Hopkins*, 80 *Ga.* 154, and following the reasoning which this court employed in that case and those there cited, and to which it has adhered in *Owen* v. *Smith*, 91 *Ga.* 564, and *Goff* v. *Davenport*, 96 *Ga.* 423, the instrument before the court in the present case is a deed and passed to the grantee therein named the legal title in presenti, with the right of possession and enjoyment postponed to the death of the grantor.

2. The evidence warranted the verdict, and there was no abuse of discretion in denying a new trial.

Argued June 14, — Decided July 22, 1898.

Claim. Before Judge Hutchins. Gwinnett superior court. September term, 1897.

*Juhan & McDonald* and *C. H. Brand,* for plaintiff in error. *T. M. Peeples* and *R. W. Peeples,* contra.

LUMPKIN, P. J. Two issues were involved in the present case, one of law, and the other of fact.

1. The first was, whether a certain instrument was testamentary in its character, or passed an interest in presenti to the person claiming thereunder. That instrument was in the following words:

" Georgia, Gwinnett County. This indenture, made and entered into this the 4th day of April, in the year eighteen hundred and ninety-six, between H. J. B. Guthrie, of the first part, of the county and State aforesaid, and Alonzo F. Guthrie, of the second part, of the county and State aforesaid, witnesses, that the said party of the first part, for and in consideration of being well cared for, board and attention in time of sickness and at all other times that he may need attention, agrees to give to the said party of the second part all that tract or parcel of land known as the M. C. Mewburn place, lying and being in the seventh (7) district of Gwinnett county, containing sixty-three (63) acres, more or less, off the northeast corner of land lot seventy-nine (79); also about two (2) acres that were exchanged by Agariah Noel to John Daniel, number not known, the original deed having been destroyed by fire, said land bounded as follows: north by lands of Henry P. Wynn; west by lands of G. J. Weathers; south by lands of M. C. Mewburn; east by lands of J. J. Harwell; said land to remain in the possession of the said H. J. B. Guthrie during his lifetime and the rents and proceeds of said [land] to belong to the said H. J. B. Guthrie during his life. After the death of the said H. J. B. Guthrie, the said Alonzo F. Guthrie is to come into possession of said tract or parcel of land. To have and to hold the said tract or parcel of land, with all and singular the right and members and appurtenances thereof to the same being, belonging or in anywise appertaining, to the only proper use, benefit, and behoof of the said Alonzo F. Guthrie, his heirs and assigns, forever in fee simple, after the death of the said H. J. B. Guthrie; and the heirs, executors, and administrators will warrant and forever defend the right and title of the above-described property unto the said Alonzo F. Guthrie, his heirs and assigns, against the claims of all persons whosoever. In witness whereof, the said H. J. B. Guthrie has hereunto set his hand and seal, the day and year above written. [Signed] H. J. B. Guthrie. Signed, sealed and delivered in presence of: H. Strickland, Jr.; G. H. Barker, J. P. The word clothing erased before signing. H. Strickland Jr.; G. H. Barker, J. P."

Following the decisions of this court cited in the first head-

note, and the cases to which they refer, we have reached the conclusion that this instrument was at the trial properly treated as a deed. .

2. The other issue was, whether or not H. J. B. Guthrie was, at the time of executing this instrument, mentally capable of making a valid contract. . Upon this question the evidence, though conflicting, warranted the jury in finding that he was capable of contracting, and the trial judge having approved the verdict, this court will allow the same to stand.

Judgment affirmed. All the Justices concurring.