ELIZABETH J. BOWLER

*v.*

WILLIAM H. BOWLER *et al.*

*Opinion filed December 21, 1898.*

1. DEEDS—*deed construed as a present grant of a future estate.* The granting clause of a deed duly executed and delivered, which provides that the grantors "do hereby remise, release and quit-claim" to the grantee, his heirs and assigns, "after the death" of grantor, is a present grant of a future estate, the words "after the death," etc., limiting the grant to the remainder after grantor's death.

2. SAME—*when deed is not void as a testamentary devise.* A deed delivered in the grantor's lifetime, which grants a present interest in the remainder after the grantor's death, is not void as a testamentary devise because it provides that the property shall be in full of the grantee's share of the grantor's estate, where such provision is reconcilable with the granting clause as a condition subsequent, made binding upon the grantee by his acceptance of the deed and his conduct after the grantor's death.

3. SAME—*effect where deed is not to take effect until grantor's death.* A delivered deed in the usual form of a bargain and sale deed, which contains a clause, following the description of the property, that it is "not to be of any force and effect until after the death" of the grantor, is a present conveyance of a remainder after the death of the grantor. (*Shackelton* v. *Sebree*, 86 Ill. 616, and *Harshbarger* v. *Carroll*, 163 id. 636, followed.)

APPEAL from the Circuit Court of St. Clair county; the Hon. M. W. SHAEFER, Judge, presiding.

TURNER & HOLDER, for appellant.

DILL & WILDERMAN, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was a petition by appellant, Elizabeth J. Bowler, in the circuit court of St. Clair county, to recover dower in 200 acres of land lying in Madison and St. Clair counties; also in certain property in the city of Collinsville, Illinois. The petition alleges that appellant and William P. Bowler were married on March 22, 1877; that on July 10, 1897, he died, leaving her his widow, and John

W. Bowler, Mary H. Sisson and W. H. Bowler, his children by a former marriage, his only heirs-at-law; that William P. Bowler, during his marriage with petitioner, was seized in fee of the property described, and at the time of his death occupied the Collinsville property as a homestead. William H. Bowler answered, claiming ownership in the 200-acre tract in fee, by virtue of a deed from William P. Bowler and wife, executed September 12, 1877, and delivered a short time thereafter. Mary H. Sisson also answered, alleging her ownership of the Collinsville property by virtue of a deed from William P. Bowler and wife, executed July 2, 1881, and delivered soon thereafter. The *execution* and *delivery* of these instruments are not disputed by appellant, but she insists they were testamentary in their nature, and, as such, void under the statute relating to wills. The circuit court dismissed the bill. Petitioner appeals.

The instrument executed to William H. Bowler, after the formal parts, provided: "That the said parties of the first part, for and in consideration of the love and affection they bear to the party of the second part, and also in full of the share of William H. Bowler in and to the estate of William P. Bowler at the time of his death, in case said William H. should survive said William P. Bowler, do hereby remise, release and quit-claim to said William H. Bowler, his heirs and assigns, after the death of the said William P. Bowler, and to his heirs and assigns, upon the conditions, qualifications, limitations and reservations hereafter stated and set forth," (then follows the description of the 200 acres,) "together with all and singular the privileges and appurtenances thereunto belonging, including all homestead rights therein, under the laws of this State, the object and intention of this deed being to give the said parties of the first part the possession and control of said real estate during the lifetime of the said William P. Bowler, and the title to the same is not to vest in the said William H. Bowler, his

heirs and assigns, until after the death of the said William P. Bowler; and it is further understood, and is a condition in this conveyance, that if the said William H. Bowler should depart this life before the said William P. Bowler, that in that case this conveyance is to be null and void." Then follows the *habendum* clause, upon the conditions named. This deed was duly executed in conformity with the requirements of conveyances of real estate, the wife being examined separate and apart from her husband relative to her acknowledgment.

The granting clause of this instrument, "do hereby remise, etc., after the death of said William P. Bowler," unaffected by the remainder of the deed, admits of but one interpretation, and is a present grant of a future estate. The words "after the death of the said William P. Bowler," we think merely limit the grant to the remainder after his death. In the light of numerous authorities this construction would hardly be questioned were it not for the subsequent clauses. The language, "the object and intention of this deed being to give the said parties of the first part the possession and control of the said real estate during the lifetime of the said William P. Bowler, *and the title to the same is not to vest in the said William H. Bowler, his heirs and assigns, until after the death of the said William P. Bowler,*" is inconsistent, the effect of the first clause being to vest the remainder in the grantee presently, with the condition attached. To hold that the grantor did not intend to pass a present interest in the remainder would be equivalent to holding his act in executing the instrument a nullity. This the law does not favor, and will not permit if it can be avoided without doing violence to well established rules. That the grantor, in using the word "vest" in the second clause above, did not use it in a technical sense, seems reasonable. What he meant by it was, doubtless, to emphasize the condition that the grantor was to retain the property during his lifetime.

The instrument also provides that the property should be in full for the share of the grantee in the estate of the grantor; but this provision is reconcilable with the granting clause as a condition subsequent, and, as such, the acceptance of the deed, and the conduct of the grantee after the death of the grantor, binds him to the fulfillment of the condition.

The instrument also provides, as a condition to the enjoyment of the remainder by the grantee, that he should be alive at the death of the grantor. It is claimed by counsel for appellant that this is a condition precedent to the vesting of the remainder in William H. Bowler. Whether it should be treated as a condition precedent or subsequent depends upon the intention of the grantor, and, considering the whole instrument together, we think it was clearly meant as a condition subsequent. As such, the grantee having outlived William P. Bowler, the condition has been fulfilled.

The conveyance to Mary H. Sisson in 1881 was the usual form of a bargain and sale deed. After the description it contained the following clause: "This deed not to be of any force and effect until after the death of said William P. Bowler," etc. That this instrument was a present conveyance of a remainder after the death of William P. Bowler is too well settled by previous decisions of this court to need extended discussion. The question arose in *Shackelton* v. *Sebree*, 86 Ill. 616, and *Harshbarger* v. *Carroll*, 163 id. 636, and it was held in both cases that similar instruments were sufficient to vest the remainder of the fee in the grantee after the death of the grantor, upon the delivery of the deed.

No other questions are presented for our decision. The decree of the circuit court will be affirmed.

*Decree affirmed.*