HENRY J. STEWART ET AL. v. JESSE WILLS ET AL., Appellants.

**Deeds:** DELIVERY ON GRANTOR'S DEATH: INTENT: EVIDENCE. The question of delivery of a deed left in escrow by a grantor since deceased is one of intent, which is to be gathered from the instrument itself, the surrounding circumstances and statements of the grantor subsequent to its execution. In the instant case the evidence is held to show an intent to pass a present interest.

*Appeal from Harrison District Court.*— HON. W. R. GREEN, Judge.

WEDNESDAY, JANUARY 15, 1908.

THE opinion states the case. Judgment *affirmed*.

*C. W. Kellogg,* for appellants.

*Roadifer & Arthur,* for appellees.

SHERWIN, J.— In October, 1898, Mary J. Stewart executed a deed conveying the land in controversy to the plaintiffs herein, who are her children and heirs. She asked the notary who prepared the deed and took her acknowledgment thereto if he would take care of it for her, and, upon his

assurance that he would do so, she left it with him without
any direction as to its future disposition.    This officer was
the cashier of a bank, and he kept the deed in a safe therein
until the bank changed hands, when it was left with the new
owners thereof until a rumor became public that the bank
was about to fail, upon which the deed was taken therefrom
by one of Mrs. Stewart's sons and deposited in another bank.
This was during the life of Mrs. Stewart.    She died in
January, 1906, without having recalled the deed, or exercised
any authority thereover, except as it may be inferred from
the record that she directed its transfer from the one bank
to the other when the probable insolvency of the first one be-
came known to her.

The real question in this case is whether there was such
a delivery of the deed as passed title to the land.    The ques-
tion is a very close one; and it must be determined by the
instrument itself, by circumstances, and by statements made
by the deceased after the execution of the deed.    The deed
recites a consideration of $2,000 in hand paid, and purports
in the granting clause to convey a present title.    After de-
scribing the land, it continues:    " The grantor herein reserv-
ing to herself the right to use, occupy and control the said
premises, except as to sale, during the whole term of her
natural life.    This conveyance to be effectual upon the fol-
lowing condition, to-wit:    That before the grantees herein
shall enter upon the possession and control of the said prop-
erty, they shall pay or cause to be paid in cash to the persons
named below, the sums of money following their respective
names, to-wit."    The names are then given, but they are
not material here.    If there had been a direct delivery of
this deed to the grantees named therein, there could be no
serious question that it conveyed a present interest in the
land.    The intent of the grantor is the guide in such cases,
and the language of the deed can leave but little doubt that
Mrs. Stewart intended to convey a present interest upon
delivery of the deed, and that such interest was subject only

to her reservation of a life estate. She expressly said therein that she intended to destroy her power of sale, and she must, therefore, have intended to convey a present interest. Furthermore, the conditions imposed on the grantees indicate the same intent. They must be complied with before enjoying the possession and control of the property. It cannot be presumed that Mrs. Stewart executed this deed without any purpose of having it delivered at all. On the contrary, the instrument itself contains some evidence that she was guarding against a possible delivery before her death; otherwise, she would hardly have made the reservation of a life estate. If she left the deed with the notary with the intent to have it delivered after her death to the grantees named therein, it was a sufficient delivery. *Nowlen v. Nowlen,* 122 Iowa, 542; *White et al. v. Watts et al.,* 118 Iowa, 549; *Newton & Seeley v. Bealer et al.,* 41 Iowa, 334. The statements of the deceased to two of her intimate friends tend to show that such was her purpose. We conclude that there was sufficient evidence to show the grantor's intention that the deed be delivered to the grantees after her death, and that the judgment should be affirmed. This case is not goverened by *Wilson v. Carter,* 132 Iowa, 442, for in that case the only question was whether the deed passed a present title.

The judgment is *affirmed.*